UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ALOMANDOS HAWKINS, | |
| Petitioner, | |
| v. | CAUSE NO. 4:24-CV-68-PPS-APR |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Alomandos Hawkins, a prisoner without a lawyer, filed a habeas petition in connection with Case No. 56D01-1811-F1-2759 in the Newton Superior Court. According to the petition, Hawkins is confined at a detention center in Illinois, and the State of Indiana has lodged a detainer against him based on charges that he has violated the conditions of his probation. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Hawkins asserts that he is entitled to habeas relief because he has not received a timely probation violation hearing in violation of his Sixth Amendment right to a speedy trial. "The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."[1] *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015).

---

[1] While it may not be precisely accurate to describe Hawkins as a pretrial detainee, he is challenging his detainer, which is a form of custody, in his capacity as a pre-hearing detainee. As a result, I find that this case more appropriately falls under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, which allows State prisoners to challenge convictions or sentences pursuant to a State court judgment.

Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must:

> [A]ssert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

Indiana courts have entertained speedy trial claims on interlocutory appeal. *See McCarthy v. State*, 176 N.E.3d 562 (Ind. Ct. App. 2021); *Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011). According to the petition, Hawkins has made no effort to present his habeas claims to the Indiana appellate courts. Consequently, I find that he has not exhausted his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] . . . the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Hawkins filed this habeas petition under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a

2

person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to [ ] the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)[.]"). Because dismissing this case will not effectively end Hawkins chance at habeas corpus review by rendering his claim untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Hawkins has exhausted his claim in State court.

For these reasons, the court:

3

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Alomandos Hawkins a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 4, 2024.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT
